UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAMON JOHNSON,

   Petitioner   : No. 4:CV-10-1359

  vs.      : (Petition Filed 6/30/10)

HARLEY G. LAPPIN, et al., : (Judge Muir)

   Respondents  :

## MEMORANDUM AND ORDER

September 29, 2010

**Background**

  Damon Johnson, an inmate confined at the United States Penitentiary, Lewisburg (USP-Lewisburg), Pennsylvania, initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. Petitioner claims that he is confined in the Special Management Unit[1] in violation of the Fourteenth Amendment. (Doc. 1, petition). Specifically, Johnson claims that such placement is punitive in nature and punishes him for disciplinary sanctions for which he has already been punished. Id. Additionally,

---

[1]Certain federal prisoners, "such as those who participated in or had a leadership role in geographical group/gang-related activity, present unique security and management concerns." (Doc. 9, Ex. 1, Att A, BOP Program Statement P5217.01, Special Management Units).Such prisoners may be designated to a Special Management Unit ("SMU") when "greater management of their interaction is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public." Id. Inmates who meet the BOP's criteria are placed into the SMU, where they "will complete a four-level program and be redesignated to the general population." Id.

Johnson complains of the conditions of his confinement in the SMU as being unsanitary, unhealthy and dangerous. Id.

Johnson alleges further violations of his due process rights in that he was prevented from having staff representation and witnesses during his SMU placement hearing. Id. As such, Johnson states that he has a liberty interest in being released from the SMU because his placement in the SMU "imposes a Constitutionally established typical and significant hardship on petitioner in relations to the ordinary incidents of prison life." Id.

Finally, Johnson states that his placement in the SHU violates the Ex post Facto Clause, in that it amounts to retroactive punishment "to longer and indefinite segregation, under horrendous living conditions in violation of the U.S. Constitution's 8 Amendment Cruel and Unusual Punishment clause for institutional infractions petitioner was already sanctioned and punished for." Id.

For relief, Johnson seeks "[t]he removal, transfer, and exemption of petitioner from the Special Management Unit, and the complete termination and abolition of the Special Management Unit." Id. (See also Doc. 4, Revised Petition).

BOP records reveal that during his federal incarceration, Johnson has filed a total of twenty-one (21) requests for administrative relief. (Doc. 9, Ex. 1, Att. B, BOP SENTRY Report, Administrative Remedy Generalized Retrieval). The abstract for each administrative remedy in the record

2

demonstrates that none of the remedies filed by Johnson related to his SMU placement or any other SMU-related issue. <u>Id</u>. In fact, Johnson, himself concedes in his petition that he did not present the issues he now raises through the BOP's administrative remedy procedure. (<u>See</u> Doc. 4, revised petition at 4-7). He explains his failure to exhaust administrative remedies by claiming he never received a copy of the SMU placement hearing officer's report. (<u>See</u> Doc. 1, petition). However, BOP policy does not require inmates to attach copies of a SMU hearing administrator's report to an appeal of a SMU placement decision. (<u>See</u> Doc. 9, Ex. 1, Att A, BOP Program Statement P5217.01, <u>Special Management Units</u>).

A response to the petition was filed on August 2, 2010. (Doc. 9). Although provided the opportunity, petitioner did not file a traverse. The petition is now ripe for disposition. For the reasons set forth below the Court will dismiss the habeas petition.

**Discussion**

The respondent seeks dismissal of the petition based on the petitioner's failure to exhaust the administrative remedies that are available to him. The Court has authority under 28 U.S.C. § 2241 to review a BOP's custody classification, but may do so only after the petitioner has exhausted his administrative remedies against the BOP. <u>United States v. Wilson</u>, 503 U.S. 329 (1992); <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757 (3d Cir. 1996); <u>United States v. Brann</u>, 990 F.2d 98 (3d Cir. 1993).

3

The BOP has established an administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 et seq., whereby a federal prisoner may seek formal review of any aspect of his imprisonment. Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden fo the institution where he is confined. Id. at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§ 542.15(a) and 542.18. No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prison's Central Office. Id.

It is apparent from the record before the Court that Johnson has not exhausted available administrative remedies prior to filing the instant habeas action. Specifically, the record demonstrates that none of Johnson's twenty-one (21) administrative remedy requests concerned his placement on the SMU. In addition, Johnson, himself confirms his failure to exhaust. Thus, it is apparent to the Court that the instant petition for writ of habeas corpus is prematurely filed.

Moreover, it is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge

either the fact or duration of his confinement in prison. Preiser vs. Rodriquez, 411 U.S. 475 (1973). In the instant petition, Johnson is neither seeking speedier nor immediate release from custody. He is also not challenging the legality of his present incarceration. Rather, he is alleging that the SMU custody classification that he received at USP-Lewisburg violated his rights under the Fourteenth Amendment. A challenge to a custody/security classification by the BOP, however, is not a proper ground for federal habeas relief. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)(holding that a claim that does not directly implicate the fact or duration of confinement may not be pursued by way of a habeas petition). Jimenez vs. Fanello, Civil No. 99-1596, slip op. at 4 (M.D. Pa. Sept. 20, 1999)(Munley, J.). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen vs. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1992). Such a challenge is properly made in a civil rights complaint. See Wool vs. York County Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998)(McClure, J.).

An appropriate Order accompanies this Memorandum Opinion.

Dated: September 29, 2010

MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAMON JOHNSON, :
　　　　Petitioner : No. 4:CV-10-1359
　vs. : (Petition Filed 6/30/10)
HARLEY G. LAPPIN, et al., : (Judge Muir)
　　　　Respondents :

**ORDER**

September 29, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

　　　　　　　　　　　_____
　　　　　　　　　　　MUIR
　　　　　　　　　　　United States District Judge